IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANNA DOMINGUEZ,<br><br>                 Plaintiff,<br><br>   v.<br><br>ANDREW SAUL[1]<br>Commissioner of the Social Security<br>Administration,<br><br>                 Defendant. | CIVIL ACTION<br>NO. 18-613 |

**OPINION**

**Slomsky, J.**                                                                                                                                                                    December 5, 2019

## I.    INTRODUCTION

Before the Court are the Objections of Plaintiff Anna Dominguez to the Report and Recommendation ("R&R") of United States Magistrate Judge Elizabeth T. Hey. (Doc. No. 18.) On February 12, 2018, Plaintiff initiated this action by filing a Motion for Leave to Proceed in Forma Pauperis (Doc. No. 1), which was granted. On March 5, 2018, Plaintiff filed a Complaint against the Acting Commissioner of the Social Security Administration, alleging that Defendant wrongfully denied her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act and Supplemental Security Income ("SSI") under Title XVI of the same Act. (Doc. No. 3.)

---

[1] Andrew M. Saul is the current Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, he is substituted as the Defendant. Section 205(g) of the Social Security Act explains that an action survives regardless of any change in the person occupying the office of Commissioner. 42 U.S.C. § 405(g).

1

On August 3, 2018, the Court referred the case to Magistrate Judge Hey for an R&R. (Doc. No. 12.) On or about June 11, 2019, Magistrate Judge Hey issued the R&R, finding that the Decision of the Administrative Law Judge ("ALJ") to deny Plaintiff benefits was supported by substantial evidence and should be affirmed. (Doc. No. 17.) On June 26, 2019, Plaintiff filed Objections to the R&R. (Doc. No. 18.) On July 10, 2019, Defendant filed a Response. (Doc. No. 20.)

Pursuant to 28 U.S.C. § 636(b)(1), this Court has conducted a de novo review of the portions of the R&R to which objections have been made. After an independent review of the record and for reasons that follow, the Court will overrule Plaintiff's Objections (Doc. No. 18) and adopt the R&R (Doc. No. 17) in its entirety.

## II. BACKGROUND

### A. Factual and Procedural Background

Plaintiff Anna Dominguez, a fifty-seven-year-old woman, was born on November 2, 1962. Plaintiff was fifty-one years old at the onset of her alleged disability. (Administrative Record ("R.") at 160.) She has a high school education through the twelfth grade and has past relevant work experience as a warehouse worker, forklift operator, and telephone representative. (R. at 58-64, 71, 225.)

On August 5, 2014, Plaintiff filed an application for DIB and SSI, alleging the onset of her disability as July 18, 2014. (R. at 28.) Plaintiff later amended her DIB and SSI applications to include a disability end date of August 22, 2016. (R. at 59, 91-92, 160, 167.) In her DIB and SSI applications, Plaintiff alleged disabilities as a result of Multiple Sclerosis ("MS"), arthritis in her back, and carpal tunnel syndrome ("CTS") in her hands and arms. (R. at 224.) Plaintiff's applications were denied on December 2, 2014, and she thereafter filed a timely request for a hearing before an ALJ. (R. at 28.)

On November 8, 2016, ALJ Susan Torres held a hearing and heard testimony from Plaintiff, who was represented by counsel. (R. at 54.) During the hearing, Plaintiff's counsel clarified that there was no evidence Plaintiff suffers from MS. (R. at 58.) Counsel then identified Plaintiff's disabling conditions as fibromyalgia, degenerative disc disease, CTS, bipolar disorder, and post-traumatic stress disorder ("PTSD"). (R. at 58). During the hearing, the ALJ also heard testimony from Brian Bierley, an impartial vocational expert ("VE"). (R. at 70.)

On January 10, 2017, the ALJ issued a Decision, finding that Plaintiff was not disabled within the meaning of the Social Security Act and was not entitled to DIB or SSI. (R. at 43.) After the ALJ's Decision, Plaintiff appealed her findings. On December 15, 2017, the Social Security Appeals Council denied Plaintiff's request for review, making the ALJ's Decision the final decision of the Social Security Commissioner. (R. at 1-4.)

**B. Relevant Social Security Administration Regulations**

To prove a "disability," a claimant must demonstrate "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a). The claimant has the burden of proving the existence of a disability and can satisfy this burden by showing an inability to return to former work. Rossi v. Califano, 602 F.2d 55, 57 (3d Cir. 1979). If she does so, the burden shifts to the Commissioner to show that, given the claimant's age, education, and work experience, she is able to perform specific jobs that exist in the national economy. 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 416.920(f).

When evaluating a disability, the Social Security Administration uses a five-step process, which is followed in a set order:

At step one, the ALJ determines whether the claimant is performing "substantial gainful activity[.]" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If she is, she is not disabled. Id. Otherwise, the ALJ moves on to step two.

At step two, the ALJ considers whether the claimant has any "severe medically determinable physical or mental impairment" that meets certain regulatory requirements. Id. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A "severe impairment" is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities[.]" Id. §§ 404.1520(c), 416.920(c). If the claimant lacks such an impairment, she is not disabled. Id. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If she has such an impairment, the ALJ moves on to step three.

At step three, the ALJ decides "whether the claimant's impairments meet or equal the requirements of an impairment listed in the regulations[.]" Smith v. Comm'r of Soc. Sec., 631 F.3d 632, 634 (3d Cir. 2010). If the claimant's impairments do, she is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If they do not, the ALJ moves on to step four.

At step four, the ALJ assesses the claimant's "residual functional capacity" ("RFC") and whether she can perform her past relevant work. Id. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). A claimant's "[RFC] is the most [she] can still do despite [her] limitations." Id. §§ 404.1545(a)(1), 416.945(a)(1). If the claimant can perform her past relevant work despite her limitations, she is not disabled. Id. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If she cannot, the ALJ moves on to step five.

At step five, the ALJ examines whether the claimant "can make an adjustment to other work[,]" considering her "[RFC,] . . . age, education, and work experience[.]" Id. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). That examination typically involves "one or more hypothetical questions posed by the ALJ to [a] vocational expert." Podedworny v. Harris, 745 F.2d 210, 218 (3d Cir. 1984). If the claimant can make an adjustment to other work, she is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If she cannot, she is disabled.

Hess v. Comm'r Soc. Sec., 931 F.3d 198, 201-02 (3d. Cir. 2019).

### C. The ALJ's Findings

At a hearing held on November 8, 2016, the ALJ heard testimony from Plaintiff and VE Brian Bierley. (R. at 28.) In addition, the ALJ considered various medical records and evaluations. (R. at 34-41.) After reviewing the evidence in the Record and proceeding through the five-step evaluation process, the ALJ concluded that Plaintiff was not disabled under the Social Security Act. (R. at 28.)

At step one, the ALJ determined that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2019, and that she had not engaged in substantial gainful activity from July 18, 2014, the alleged onset date, to August 22, 2016, the end of the alleged period of disability. (R. at 30.)

At step two, the ALJ found that Plaintiff suffered from the following severe impairments: cervical spondylosis, degenerative disc disease, carpal tunnel syndrome, history of pericarditis, headaches, fibromyalgia, depression, and anxiety. (R. at 31.)

At step three, the ALJ determined that none of Plaintiff's impairments, or combination of impairments, met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 32.) With respect to "concentration, persistence or pace," the functional limitation central to one of Plaintiff's objections, the ALJ concluded that Plaintiff had "moderate difficulties." (R at 33.) The ALJ reasoned that Plaintiff's subjective complaints of depression, hopelessness, hypervigilance, fleeting hallucinations, passive death wishes, and anxiety could reasonably cause some difficulties in this area. Id. However, the ALJ explained that despite Plaintiff's moderate difficulties in "concentration, persistence or pace," Plaintiff was still able to understand, remember, and carry out simple instructions. Id.

At step four, the ALJ concluded that Plaintiff had the RFC to perform light work with certain limitations;[2] but that Plaintiff's limitations prevented her from performing her previous work. (R. at 34-41.) In concluding that Plaintiff could perform light work, the ALJ found that Plaintiff could occasionally balance, kneel, or crawl; could frequently use her hands for handling and fingering bilaterally; and could understand, remember, and carry out simple instructions. (R. at 34-40.)

At step five, the ALJ concluded that, despite her limitations, Plaintiff could perform jobs that existed in substantial numbers in the national economy. In rendering that decision, the ALJ asked the VE the following hypothetical question, which included what is commonly known as a "simple tasks" limitation:

> [A]ssume an individual of the same age, education and work experience as the Claimant and with the following residual functional capacity: [t]his person can perform light work. They can never climb ladders, ropes or scaffolds. They can occasionally balance, kneel, or crawl. They frequently use their hands for handling and fingering bilaterally. They must avoid concentrated exposure to vibration, loud noise, fumes, odors, dust, gases, poor ventilation and hazards such as heights and moving machinery like on the ground like forklifts. They can understand, remember, and carry out simple instructions . . . would there be [ ] jobs existing in the national economy that such an individual could perform?

(R. at 71-72.)

In answering the question, the VE testified that based upon Plaintiff's age, education, work experience, and RFC, Plaintiff could make a successful adjustment to other work that existed in substantial numbers in the national economy, including jobs as a housekeeper, cleaner, machine feeder, or electrical accessories assembler. (R. at 72.) Therefore, the ALJ determined that Plaintiff

---

[2] The ALJ concluded that Plaintiff could never climb ladders, ropes, or scaffolds; Plaintiff must also avoid concentrated exposure to loud noises, vibration, fumes, odors, dust, gases, poor ventilation, and hazards such as heights and moving machinery on the ground. (R. at 34-41.)

could make adjustments to other work and was not disabled within the meaning of the Social Security Act during the alleged disability period. (R. at 28, 42-43.)

## III. STANDARD OF REVIEW

Judicial review of a final decision of the Commissioner is limited. A district court is bound by the factual findings of the Commissioner if they are supported by substantial evidence and decided according to correct legal standards. Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011) (citing Knepp v. Apfel, 204 F.3d 78, 83 (3d Cir. 2000)); Allen v. Bowen, 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence is "more than a mere scintilla," and consists of "such relevant evidence as a reasonable mind might accept as adequate." Burnett v. Comm'r of Soc. Sec., 220 F.3d 112, 118 (3d Cir. 2000) (citing Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999)). The Court also must determine whether the ALJ applied the proper legal standards in evaluating a claim of disability. McHerrin v. Astrue, No. CIV. A. 09-2035, 2010 WL 3516433, at *2 (E.D. Pa. Aug. 31, 2010) (citing Coria v. Heckler, 750 F.2d 245, 247 (3d Cir. 1984)). The Commissioner's findings of fact, as long as they are supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g).

## IV. ANALYSIS

On June 21, 2018, Plaintiff filed a Brief and Statement of Issues in Support of Request for Review ("Request for Review"). (Doc. No. 9.) In her Request for Review, Plaintiff raised two issues. First, she contended that the ALJ committed multiple errors with symptom evaluations. (Id. at 1.) Second, she argued that the ALJ's assessment that she could perform light work with certain limitations (the "RFC Assessment") was not supported by substantial evidence. (Id.) As a result, Plaintiff contended that the ALJ committed reversible error warranting remand for further administrative proceedings. (Id. at 8.)

7

On June 11, 2019, after considering the ALJ's Decision and the Administrative Record, Magistrate Judge Hey issued an R&R finding that there was substantial evidence to support the ALJ's denial of benefits. (See Doc. No. 17.) On June 26, 2019, Plaintiff filed the instant Objection (Doc. No. 18), and made two specific objections to the R&R, which are verbatim restatements of the two issues presented in her Request for Review, namely: (1) that the ALJ committed multiple errors with symptom evaluations, and (2) that the ALJ's RFC Assessment was not supported by substantial evidence. Both objections are entitled to de novo review by this Court. See Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). The Court will address each objection in turn.

### A. The Court will Overrule Plaintiff's First Objection

In her first objection, Plaintiff contends that the R&R failed to consider two alleged mistakes by the ALJ when evaluating Plaintiff's symptoms. First, Plaintiff argues that the Magistrate Judge in the R&R ignores the claim that the ALJ erred when she found Plaintiff's statements about the intensity, persistence, and limiting effects of her medical impairments "not entirely consistent with the medical evidence and other evidence in the record" without addressing which specific statements were inconsistent with the medical evidence. (Doc. No. 18 at 1.) Second, Plaintiff argues that the Magistrate Judge in the R&R overlooks the ALJ's allegedly-unsupported finding that Plaintiff could perform a limited range of light work based on her prior part-time and short-lived jobs. (Id. at 2.) Both arguments are unavailing.

#### 1. The ALJ Adequately Addressed Why Plaintiff's Statements About Her Symptoms Were Inconsistent With The Record.

Plaintiff's argument that the ALJ failed to identify which of her statements regarding the intensity, persistence, and limiting effects of her medical impairments were inconsistent with the record is incorrect. The ALJ complied with Social Security Ruling 16-3p ("SSR 16-3p"), which outlines the proper process for evaluating claims related to intensity, persistence, and limiting

8

effects of medical impairments, and properly and reasonably considered evidence in the record when evaluating the intensity, persistence, and limiting effects of Plaintiff's medical impairments.

SSR 16-3p instructs ALJs to use a two-step process for evaluating an individual's impairment related symptoms. SSR 16-3p; see 20 C.F.R. § 404.1529. First, the ALJ must consider whether there is an underlying medically determinable physical or mental impairment that could reasonably be expected to produce an individual's symptoms, such as pain. Id. Second, if an underlying physical or mental impairment has been established, the ALJ must evaluate the intensity and persistence of those symptoms to determine the extent to which the symptoms could limit an individual's ability to perform work. Id. During this second step, the ALJ may consider a wide range of evidence, including objective medical evidence; the claimant's statements regarding their symptoms; subjective medical evidence, including diagnosis, prognoses, and opinions; any available non-medical source evidence; and other factors if they are relevant to the case.[3] Id. The ALJ looks for consistency among the evidence to support—or conversely, inconsistency among the evidence to rebut—a claimant's assertion that the intensity, persistence, and limiting effects of their symptoms reduced their capacity to perform work-related activities. Id.

In the instant case, the ALJ followed this prescribed method when considering the intensity, persistence, and limiting effects of Plaintiff's symptoms. First, at step one, the ALJ outlined the Plaintiff's alleged impairments and associated symptoms in a thorough review of Plaintiff's

---

[3] These factors may include: daily activities; location, duration, frequency, and intensity of pain or other symptoms; factors that precipitate and aggravate symptoms; type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; treatment, other than medication, that an individual receives or has received for relief of pain; and any measures the individual uses or has used to relieve pain or other symptoms. See 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3).

medical examinations in the record, including her complaints, treatments, and outcomes. Next, at step two, the ALJ reviewed a wide range of evidence and found that while Plaintiff's determinable impairments reasonably could have caused her alleged symptoms, her statements about the intensity, persistence, and limiting effects of those impairments and their related symptoms were not consistent with the evidence. For example, the ALJ noted that Plaintiff's complaints of wrist pain,[4] back pain,[5] neck pain,[6] and numbness and tingling in her arms and legs[7] had all been treated and resolved, though ongoing therapy was required in some circumstances. While the examples provided do not include all of the evidence the ALJ considered, they illustrate the basis of her determination that Plaintiff's subjective symptom complaints were inconsistent with the evidence. Therefore, Plaintiff's assertion that the ALJ did not identify which of Plaintiff's statements about

---

[4] The ALJ noted that Plaintiff's wrist pain was reduced when she wore wrist splints. (R. at 36.) In addition, the ALJ noted that on June 26, 2015, Plaintiff underwent a right carpal tunnel release and on July 8, 2015, reported that her pain was well controlled and that she was no longer taking any medication for pain. (R. at 37-38.)

[5] With respect to Plaintiff's back pain, the ALJ considered an April 2014 MRI of the thoracic spine which showed mild to moderate degenerative disc disease, small disc bulges or protrusions effacing the ventral thecal sac, mild flattening of the ventral cord, and borderline ventral cord flattening, but noted that Plaintiff told her doctor that her pain was relieved with chiropractic care and yoga. (R. at 37-38.) In addition, the ALJ considered a July 2014 exam that showed Plaintiff had a small area of sensory loss in the upper back, but a follow up in the emergency room showed no tenderness and normal range of motion. (R. at 37.)

[6] The ALJ considered Plaintiff's complaint that she suffered neck pain that worsened when looking down, but also noted that an examination of Plaintiff's neck showed normal range of motion with no rigidity or midline tenderness, and that Plaintiff confirmed that any pain was relieved with massages. (R. at 36.)

[7] The ALJ acknowledged Plaintiff's complaints of numbness and tingling in her arms and legs and difficulty walking, but also considered multiple exams showing that Plaintiff had full motor function and full muscle strength with normal tone in all muscle groups in the extremities, and that she had no tremors or atrophy. (R. at 36-38.) Further, during examinations, the ALJ noted that Plaintiff was able to get on and off the exam table without assistance, could get up from a chair without difficulty, and did not need assistance during a tandem walk heel-to-toe test. (R. at 37.)

the intensity, persistence, and limiting effects of her medical impairments were inconsistent with the evidence is factually incorrect.

## 2. The ALJ Adequately Explained How Plaintiff Could Perform Sustained, Light Work.

Plaintiff next argues that the ALJ erred in her determination that Plaintiff could perform sustained light work because she did not adequately explain how an ability to work part-time, short-lived jobs would translate into an ability to complete sustained, light work. (Doc. No. 18.) The Court disagrees. In making the determination that Plaintiff could complete light work, the ALJ not only considered Plaintiff's work activities during the alleged period of disability, as required, but also considered other permissible factors. (R. at 40); 20 C.F.R § 404.1571. As a result, the ALJ rightly found that Plaintiff's work activities, in tandem with other relevant evidence, demonstrated Plaintiff's ability to perform light work. (R. at 40).

When determining if a plaintiff can complete sustained light work, an ALJ should consider the plaintiff's work activities during the alleged disability period, as well as other factors, including objective medical evidence, subjective medical opinions, and symptom evidence. 20 C.F.R § 404.1571. Here, the ALJ properly used Plaintiff's work activities as one of several factors in her analysis, which also included objective medical evidence, subjective medical opinions, and symptom evidence.

A review of the ALJ's Decision reveals detailed consideration of the medical record. First, in terms of objective medical evidence, the ALJ exhaustively outlined each of Plaintiff's relevant medical evaluations in the record, beginning with Plaintiff's listed complaints and symptoms. The ALJ then presented the results of the clinical testing performed and any treatment plans. Second, regarding Plaintiff's subjective complaints, the ALJ correctly applied SSR 16-3p's two-prong symptom analysis and adequately explained why Plaintiff's reported symptoms were not entirely

11

consistent with the medical record. (R. at 36-41); SSR 16-3p. Third, the ALJ considered subjective evidence, including medical opinion evidence from one of Plaintiff's treating physicians as well as a consultative examiner, both of whom indicated Plaintiff could return to full-time work. (R. at 40-41.) Accordingly, the Court finds no error in the ALJ's approach or analysis because the ALJ properly considered objective medical evidence, subjective symptom evidence, and subjective medical opinion evidence—in tandem with Plaintiff's work history—when determining that Plaintiff could perform light work.

### B. The Court will Overrule Plaintiff's Second Objection

In her second objection, Plaintiff argues that the ALJ's Decision was not supported by substantial evidence because the hypothetical question posed by the ALJ to the VE did not accurately convey all of Plaintiff's limitations. Specifically, Plaintiff contends that the use of a "simple tasks" limitation[8] did not properly reflect her deficiencies in concentration, persistence, or pace. (Doc. No. 18 at 2-3.) In her argument, Plaintiff relies on the Third Circuit's decision in Ramirez v. Barnhart for the proposition that an ALJ must include all of a claimant's impairments that are supported by the record, and further argues that after finding that Plaintiff had moderate difficulties in concentration, persistence, or pace, the ALJ was required to include this limitation in her hypothetical question to the VE. 372 F.3d 546, 554 (3d Cir. 2004); see Burns v. Barnhart, 312 F.3d 113, 122 (3d Cir. 2002). However, Plaintiff's argument misinterprets the holding in Ramirez. As the Third Circuit explained in Hess v. Commissioner Social Security, Ramirez does

---

[8] A "simple tasks" limitation is the common name for a limitation arising from an impairment or combination of impairments that would limit a claimant to unskilled work such as "jobs requiring understanding, remembering, and carrying out only simple instructions and making only simple work-related decisions[.]" Hess, 931 F.3d at 210-11 (citing Davis v. Berryhill, 743 F. App'x 846, 850 (9th Cir. 2018); Richards v. Colvin, 640 F. App'x 786, 790 (10th Cir. 2016)).

not require the ALJ to "chant every magic word correctly" to avoid remand. Hess, 931 F.3d 198, 200 (3d Cir. 2019). Rather, an ALJ may exclude or reword a claimant's limitations in any hypothetical question posed to a VE, provided that the ALJ provides a valid explanation for the exclusion or alteration. Id. at 212.

In cases where a claimant has a "moderate" deficiency in concentration, persistence, or pace, the Third Circuit permits an ALJ to use a "simple tasks" limitation in a hypothetical question posed to a VE, if a valid explanation is given. Hess, 931 F.3d at 211. A valid explanation for a "simple tasks" limitation may be based upon on a claimant's personal activities, professional activities, or medical record. Id. Examples of personal activities include "self-reported activities of daily living" like doing laundry, addressing personal needs, shopping, and paying bills, which are consistent with an individual who is able to perform simple, routine tasks. Id. Professional activities may include a claimant's prior work history, even if it is insubstantial, like employment as a dishwasher three days a week for a few hours per day. Id. Medical considerations include the progress notes from physicians or inconsistencies in medical opinion evidence, like a practitioner's finding that the claimant generally did not show serious problems in concentration, persistence, or pace. Id. Following a review of this evidence, if the ALJ determines that the "simple tasks" limitation accurately conveys the claimant's difficulties in concentration, persistence, or pace, the ALJ may use the limitation, rather than address each aspect of a claimant's moderate limitations in concentration, persistence, or pace, in her hypothetical question to the VE. Id. at 212.

Applying the Third Circuit's approach to the instant case, the ALJ provided a valid explanation for the use of a "simple tasks" limitation because the ALJ clearly explained why a "simple tasks" limitation was appropriate given Plaintiff's medical records and personal activities. First, when giving Plaintiff "the benefit of the doubt in finding that she had moderate limitations

13

in [concertation, persistence, or pace]" the ALJ relied solely on the Plaintiff's subjective complaints. (R. at 33.) However, under Social Security guidelines, subjective complaints are considered unsubstantiated absent validation from objective medical evidence and therefore may be afforded little weight. Hess, 931 F.3d at 205-06, 213-14 (explaining that an ALJ's decision to give little weight to a medical report that found "marked limitations" for the claimant was appropriate where the finding was "based predominantly upon [the claimant's] subjective complaints"). Second, the ALJ noted that Plaintiff was able to care for her personal needs, shop in stores, do her laundry, prepare meals, did not need reminders to care for personal needs or take medication, and was able to hold a variety of jobs, all of which suggest an ability to complete simple and routine tasks. (R. at 33); Hess, 931 F.3d at 213-15 (finding that an ALJ explained "at length and with sound reasoning" that a claimant's difficulties in concentration, persistence, and pace were not so significant that he was incapable of working where the ALJ provided evidence of the claimant's self-reported daily activities and ability to perform simple, routine tasks).

Given the ALJ's detailed analysis, her use of a "simple tasks" limitation was permissible and accurately reflected Plaintiff's moderate difficulties in "concentration, persistence, or pace." Therefore, both the record and the ALJ's Decision provide a valid explanation to support this limitation. Plaintiff's objection is overruled.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's Objections to the R&R (Doc. No. 18) are overruled. The Report and Recommendation (Doc. No. 17) will be approved and adopted in its entirety. An appropriate Order follows.